UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

MARIO VOCCIA,

              Plaintiff,

  -against-

UNITED STATES OF AMERICA,

              Defendant.

----------------------------------------X

**MEMORANDUM AND ORDER**
12-CV-05909(KAM)

**MATSUMOTO, United States District Judge:**

        Plaintiff Mario Voccia commenced this action against defendant, the United States of America, pursuant to the Federal Tort Claims Act ("FTCA") 28 U.S.C §§ 2671 *et seq.* Presently before the court is plaintiff's motion to increase the *ad damnum* amount from $500,000 to $5,000,000.

        For the reasons stated herein, plaintiff's motion to increase the *ad damnum* is denied.

## **BACKGROUND**

        Plaintiff contends that he suffered a head injury in July 2008 when he hit his head on a protruding metal object in a shuttle van owned and operated by the United States Department of Veterans' Affairs (the "VA"). As a result of the injury plaintiff claims he suffers from headaches, dizziness, vertigo, memory and concentration difficulties. *See* ECF Nos. 37 and 37-

3. When filing his Administrative Claim with the Department of Veteran Affairs pursuant to 28 U.S.C. § 2675 in response to the request that the claimant "state the nature and extent of each injury" plaintiff wrote "Head Injury - Multiple Ailments. Being seen by the Brooklyn, NY VA & a private neurologist for the past 2 years. Injuries and symptoms are getting worse which requires multiple tests and frequent therapies." Plaintiff also stated that the total amount of his claim was $500,000. *See* ECF No. 37-1, (the "Administrative Claim"). In October 2012, plaintiff received a Magnetic Resonance Imagining examination with Diffusion Tensor Imaging ("MRI with DTI") which resulted in a diagnosis of Traumatic Brain Injury ("TBI"). *See* ECF No. 37-2. Plaintiff contends he did not list TBI on his Administrative Claim because he had not yet received the diagnosis. Plaintiff further contends that the newly discovered evidence in the MRI with DTI and recently conducted neuropsychological studies support plaintiff's request to increase the *ad damnum* amount because plaintiff did not appreciate the severity of his injury and he did not foresee the extent of his damages.

## DISCUSSION

An action may not be filed against the United States under the FTCA unless a prospective plaintiff first files an administrative claim with the appropriate federal agency. *See*

28 U.S.C. § 2675(a). To recover damages in excess of the amount set forth in the administrative claim, then, one of the two exceptions set forth in the statute must apply: "the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency," or there is "proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b). The FTCA, as a statute that waives sovereign immunity of the United States, requires strict compliance. *Malmberg v. United States*, 816 F.3d 185, 196 (2d Cir. 2016) (citing *O'Rourke v. Eastern Air Lines, Inc.*, 730 F.2d 842, 856 (2d Cir. 1984), *abrogated on other grounds by Salve Regina Coll. v. Russell*, 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991)). In seeking damages in excess of the claim amount, "[t]he plaintiff bears the burden of demonstrating that one of the exceptions applies." *Malmberg v. United States*, 816 F.3d at 196.

The "newly discovered evidence" exception will generally apply when a plaintiff later discovers that the "medical extent of his injuries and expenses" is greater than he could have foreseen at the time that his administrative claim was filed. *Barrett v. United States*, 622 F. Supp. 574, 594 (S.D.N.Y. 1985), *aff'd*, 798 F.2d 565 (2d Cir. 1986); *see also O'Rourke*, 730 F.2d at 856 (noting that motions to amend the *ad*

*damnum* are typically granted "only when an unexpected change occurred either in the law or in a medical diagnosis"). Courts have noted that foreseeability is the key inquiry when determining what constitutes "newly discovered evidence" and/or "intervening facts." *See Malmberg v. United States*, No. 5:06-CV-1042 FJS/TWD, 2012 WL 4953091, at *1 (N.D.N.Y. Oct. 15, 2012) (citing and discussing *Lowry v. United States*, 958 F. Supp. 704, 710 (D. Mass. 1997)). "Thus, if the condition was reasonably foreseeable at the time the plaintiff filed his administrative claim, the court will not allow him to increase the *ad damnum* clause." *See id.*

Plaintiff has failed to carry his burden of establishing that his TBI diagnosis was not reasonably foreseeable. In *Pulawski v. United States*, No. 3:00CV2068 (AHN), 2002 WL 32124966, at *2 (D. Conn. Apr. 24, 2002), an analogous case, plaintiff claimed that prior to, and at the time he filed his administrative claim, he suffered from cervical sprain, lumbar sprain, tendonitis of the left shoulder, dizziness and headaches. These conditions were the same conditions reported by plaintiff after the administrative claim was filed and the grounds on which plaintiff sought to increase the *ad damnum*. The court found that the symptoms could not be construed as intervening facts or conditions not reasonably

discoverable when the administrative claim was filed because plaintiff had experienced these symptoms prior to the filing of his administrative claim. *Id.* The court found that plaintiff's ultimate diagnosis failed to meet the heightened standard of § 2675(b) because the "ultimate diagnosis was, at most, 'cumulative and confirmatory of [his] earlier diagnoses.'" *Id.* (citing *MacDaniel v. U.S. Postal Serv.*, No. CIV. 3:97-CV-667, 1999 WL 33921854, at *1 (D. Conn. Aug. 20, 1999)).

Here too, it was reasonably foreseeable that plaintiff's claimed head injury could include a traumatic brain injury. In fact traumatic brain injury is a genus of a head injury. According to the National Institute of Health's Library of Medicine, "[a] head injury is any trauma to the scalp, skull, or brain. The injury may be only a minor bump on the skull or a serious brain injury."[1] Plaintiff's purported new diagnosis and intervening facts were nothing more than "cumulative and confirmatory of his earlier diagnoses." *Pulawski*, 2002 WL 32124966, at *2. The symptoms that plaintiff complained of before filing the Administrative Claim are the same symptoms that he complained of after receiving the MRI with DTI. *See* ECF Nos. 37, 37-3 and 37-6.

---

[1] *See* Medline Plus, *Head injury – first aid*, U.S. NATIONAL LIBRARY OF MEDICINE, https://www.nlm.nih.gov/medlineplus/ency/article/000028.htm (Update Date 1/13/2014)(last visited on May 6, 2016).

Some courts have interpreted the § 2675(b) phrase "not reasonably discoverable" to mean that existing medical evidence and advice, that was available when the administrative claim was being prepared, did not put the claimant "'on fair notice to guard against the worst-case scenario.'" *See Malmberg*, 2012 WL 4953091, at *4-*5 (discussing and citing *Michels v. United States*, 31 F.3d 686 (8th Cir. 1994) and *Reilly v. United States*, 863 F.2d 149 (1st Cir. 1988)). The plaintiff here was on notice, from the day the incident occurred, that he suffered some sort of head injury. According to his Administrative Claim, plaintiff was treated for his head injury by VA physicians and a private neurologist for two years. Plaintiff offers no explanation why his symptoms, treatment and initial diagnosis could not have reasonably led to the discovery that he could be suffering from a more serious type of head injury, a traumatic brain injury. Thus, plaintiff should have "guard[ed] against the worst-case scenario" when filing his Administrative Claim and accounted for the possibility that his symptoms would continue, or worsen, in the future. *See Malmberg*, 2012 WL 4953091, at *5 (denying motion to increase *ad damnum* because at the time the administrative claim was filed plaintiff was aware of the "global extent of his injuries . . . as well as the worse possibilities attendant to such a diagnosis").

The changed circumstances "must be truly unexpected and unforeseen and thus not reasonably capable of detection at the time the administrative claim was filed." *Mallard v. Menifee*, No. 99 CIV. 0923 SAS, 2000 WL 557262, at *6 (S.D.N.Y. May 8, 2000) (citing *O'Rourke*, 730 F.2d at 856). Neither the results of the MRI with DTI nor the neuropsychological examination are unexpected; if anything, they confirm plaintiff's earlier diagnosis of a head injury and are consistent with the symptoms that he was suffering prior to, and after, filing the Administrative Claim. *See* ECF Nos. 37, 37-3 and 37-6. The MRI with DTI purportedly led to a diagnosis that plaintiff suffered a specific type of head injury, a TBI. The more specific TBI diagnosis was not unforeseeable, incapable of discovery, nor materially different from the head injury that plaintiff stated on his Administrative Claim. *See e.g. Malmberg*, 2012 WL 4953091, at *5.

Further, the government has presented evidence refuting plaintiff's purported TBI: the government's experts concluded that plaintiff's MRI and DTI results were normal and did not indicate traumatic brain injury, and plaintiff's neuropsychological assessment did not indicate that plaintiff

7

was cognitively impaired.[2]  Plaintiff has failed to carry his burden of establishing that his traumatic brain injury diagnosis is newly discovered evidence that was not reasonably discoverable when he filed his Administrative Claim.

Plaintiff's circumstances are distinguishable from cases in which a motion to increase the *ad damnum* was granted. In *G.C.W. v. United States*, No. 15-CV-0294 (DF), 2015 WL 9592688, at 3*-*4 (S.D.N.Y. Dec. 28, 2015), the plaintiff submitted an uncontroverted affidavit from the treating doctor stating that it was "impossible to adequately assess" plaintiff's life expectancy when the administrative claim was filed.  Plaintiff's medical diagnosis later changed based upon new, and previously unavailable, information so that "what was once unknowable is now subject to reasonably accurate estimation." *Id.* at *4.  Here, by contrast, plaintiff has not established that the traumatic brain injury he now claims, was unknowable at the time his Administrative Claim was filed.

In *MacDaniel v. U.S. Postal Serv.*, No. CIV. 3:97-CV-667, 1999 WL 33921854, at *2 (D. Conn. Aug. 20, 1999), the plaintiff complained of back pain and was diagnosed with a

---

[2] The court expresses no opinions as to the merits of this case.  Plaintiff will have the opportunity to prove, by a preponderance, that his injuries, whatever they may be, were proximately caused by defendant's negligence during the incident giving rise to this lawsuit.  If liability is established, by a preponderance of the evidence, the plaintiff will also have the opportunity to present evidence proving the extent of his damages.

lumbar strain. After plaintiff filed her administrative claim, her condition significantly and rapidly deteriorated and she was later diagnosed with spinal degeneration and a herniated disc; she had to undergo surgery. The court found that her new diagnosis was "not merely cumulative and confirmatory of her earlier diagnoses, but was an unforeseen and unexpected worsening of her condition." *Id.*

Here, plaintiff does not explain how his condition has worsened, nor has he undergone more intensive treatment like the plaintiff in *MacDaniel*. Plaintiff's new diagnosis is not materially different than what he listed on his Administrative Claim; a traumatic brain injury is a type of head injury. *Compare* to *G.C.W.*, 2015 WL 9592688, at *4 where the doctor said it was "impossible" to estimate life expectancy when the administrative claim was filed but later said he could, based on new information learned after the claim was filed, make a "reasonably accurate estimation" of plaintiff's life expectancy. As discussed above, when the ultimate diagnosis is only "cumulative and confirmatory" it cannot meet § 2675's heightened standard. *See Pulawski*, 2002 WL 32124966, at *2. Plaintiff's new diagnosis of traumatic brain injury is at best "cumulative and confirmatory" of his initial diagnosis of a head injury and, therefore, it does not meet § 2675's heightened standard.

## CONCLUSION

For the foregoing reasons, the court **denies** plaintiff's motion to increase the *ad damnum* from $500,000 to $5,000,000.

**SO ORDERED.**

Dated:   May 6, 2016
         Brooklyn, New York

                                    _____/s/_____
                                    Kiyo A. Matsumoto
                                    United States District Judge